# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOHN P. BUTLER and
WENDY L. BUTLER,

      Plaintiffs,

v.                                      Case No. 19-CV-146

ELECTRIC INSURANCE COMPANY,

      Defendant.

## DECISION AND ORDER

**1. Facts and Procedural History**

The present action is before the court on a motion to dismiss filed by defendant Electric Insurance Company. Therefore, the court accepts as true the allegations contained in the amended complaint.

According to that amended complaint, plaintiffs John and Wendy Butler suffered a fire at their home on December 13, 2017. The fire originated in the garage. (ECF No. 19, ¶ 3.) Their insurer, Electric, refused to allow the Butlers to remove anything from the garage until Electric completed its investigation (ECF No. 19, ¶ 7). However, Electric's

adjuster promised John that he would be able to remove the property after Electric completed its investigation. (ECF No. 19, ¶ 7.)

When it completed that investigation, Electric turned the property over to the contractors it had hired to repair the home. (ECF No. 19, ¶ 9.) Notwithstanding Electric's prior promise to John, the contractors disposed of the property in the garage, including $200,000 of electronic equipment. (ECF No. 19, ¶¶ 7, 9.) The amended complaint includes headings that the court understands to be the specific claims the Butlers are asserting: "Breach of Insurance Contract"; "Breach of Implied Duty of Good Faith"; "Promissory Estoppel"; and "Bad Faith."

Electric moves to dismiss under Fed. R. Civ. P. 12(b)(6). It argues that it has paid all that was required under the contract. Thus, there can be no claim for breach of contract or any claim that depends on that contract—including breach of the implied duty of good faith and bad faith. It further argues that the Butlers' promissory estoppel claim fails because promissory estoppel cannot be used to expand insurance coverage.

2. **Motion to Dismiss Standard**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

2

misconduct alleged." *Iqbal,* 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all inferences in favor of the plaintiffs." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

3. **Analysis**

   a. **Breach of Contract**

As the court reads the amended complaint and understands the Butlers' arguments, this dispute is limited to the electronic equipment in the garage. The Butlers do not dispute that this electronic equipment was excluded under a business property limitation in the policy. They do not allege that Electric failed to do anything it was required to do under the contract or did something it was prohibited from doing. Rather, they assert, "Under Wisconsin substantive insurance law, a breach of contract is not always a breach of the specific provisions of a contract." (ECF No. 22 at 9.)

In support of this contention, they point to *Anderson v. Cont'l Ins. Co.*, 85 Wis. 2d 675, 686, 271 N.W.2d 368, 374 (1978). In *Anderson*, the Wisconsin Supreme Court discussed what had been previously referred to as a "tortious breach of contract" claim, but noted that the phrase "is confusing and inappropriate, because it could lead one to believe that the wrong done is the breach of the contract." *Id.*, at 686, 271 N.W.2d at 374. The proper characterization of such a claim, *Anderson* said, is a claim for bad faith. *See id*. at 687, 271

N.W.2d at 374 ("[T]he tort of bad faith is not a tortious breach of contract. It is a separate intentional wrong, which results from a breach of duty imposed as a consequence of the relationship established by contract."); *see also Brethorst v. Allstate Prop. & Cas. Ins. Co.*, 2011 WI 41, ¶25, 334 Wis. 2d 23, 798 N.W.2d 467.

But the Butlers separately asserted a claim for bad faith. Therefore, the court will dismiss the Butlers' "breach of contract" claim. As pled and argued by the Butlers, the claim is simply a bad faith claim under the "confusing and inappropriate" title the Wisconsin Supreme Court disavowed over 40 years ago.

### b. Bad Faith

"To show a claim for bad faith, a plaintiff must show the absence of a reasonable basis for denying benefits of the policy and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." *Anderson*, 85 Wis. 2d at 691, 271 N.W.2d at 376; *see also Brown v. Labor & Indus. Review Comm'n*, 2003 WI 142, ¶23, 267 Wis. 2d 31, 671 N.W.2d 279. "The tort of bad faith can be alleged only if the facts pleaded would, on the basis of an objective standard, show the absence of a reasonable basis for denying the claim, i.e., would a reasonable insurer under the circumstances have denied or delayed payment of the claim under the facts and circumstances." *Anderson*, 85 Wis. 2d at 692, 271 N.W.2d at 377.

Thus, "the insured must plead facts that show the coverage claim 'was not fairly debatable.'" *Ullerich v. Sentry Ins.*, 2012 WI App 127, ¶2, 344 Wis. 2d 708, 824 N.W.2d 876.

4

Considerations relevant to this determination are "whether a claim was properly investigated and whether the results of the investigation were subjected to a reasonable evaluation and review." *Anderson*, 85 Wis. 2d at 692, 271 N.W.2d at 377. However, "some breach of contract by an insurer is a fundamental prerequisite for a first-party bad faith claim against the insurer by the insured." *Brethorst*, 2011 WI 41, ¶65. It is not necessary that the plaintiffs plead a separate breach of contract claim, but they must allege, at a minimum, that the insurer did or failed to do something in contravention of the insurance contract.

The Butlers' amended complaint lacks any such allegation. Even in response to Electric's motion to dismiss, where Electric explicitly raised this issue, the Butlers fail to identify anything that Electric did that it was not entitled to do under the contract, nor do they identify anything that Electric failed to do that it was required to do under the contract. And although the Butlers quote from *Brethorst*, they do so only for the general proposition that a bad faith claim is separate from a breach of contract claim. (ECF No. 22 at 12.) The Butlers do not so much as acknowledge *Brethorst*'s central holding—that a violation of the contract is a prerequisite to a bad faith claim—much less offer a reason why the decision does not bar their bad faith claim.

Consequently, the court must also dismiss the Butlers' bad faith claim. This dismissal includes the Butlers' "Breach of Implied Duty of Good Faith" claim (ECF No. 19 at 5), which they do not differentiate from their "Bad Faith" claim (ECF No. 19 at 6-7).

5

### c. Promissory Estoppel

"Promissory estoppel has three elements: (1) the promise was one for which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee; (2) the promise did induce such action or forbearance; and (3) injustice can be avoided only by enforcement of the promise." *Champine v. Milwaukee Cty.*, 2005 WI App 75, ¶21, 280 Wis. 2d 603, 696 N.W.2d 245 (citing *Hoffman v. Red Owl Stores, Inc.*, 26 Wis. 2d 683, 698, 133 N.W.2d 267 (1965)). However, "under Wisconsin law, the doctrine of promissory estoppel cannot be relied upon to expand coverage beyond that set forth in an insurance contract." *Milwaukee Metro. Sewage Dist. v. Sedgwick of Ill., Inc.*, No. 05-C-1352, 2008 U.S. Dist. LEXIS 27667, at *38-39 (E.D. Wis. Apr. 4, 2008) (citing *International Chiropractors Ins. Co. v. Gonstead*, 71 Wis. 2d 524, 528, 238 N.W.2d 725, 728 (1976) ("The Wisconsin rule is, as stated many times, that the doctrine of estoppel cannot be used to enlarge the coverage of an insurance policy."); *see also Maxwell v. Hartford Union High Sch. Dist.*, 2012 WI 58, ¶29, 341 Wis. 2d 238, 814 N.W.2d 484 (citing *Shannon v. Shannon*, 150 Wis. 2d 434, 450-51, 442 N.W.2d 25, 33 (1989); *McCoy v. Nw. Mut. Relief Ass'n*, 92 Wis. 577, 66 N.W. 697 (1896)).

Electric argues that the Butlers' promissory estoppel claim must be dismissed because they are attempting to do what is prohibited under Wisconsin law—expand insurance coverage by way of promissory estoppel.

In their brief, the Butlers do not seem to dispute Electric's argument that they are attempting to rely on the doctrine of promissory estoppel to expand coverage beyond that afforded under the insurance contract. Rather, they point to decisions from other jurisdictions and argue promissory estoppel should apply to their claim against Electric. The only Wisconsin authority the Butlers cite is an unpublished decision of the court of appeals.

Aside from *Kelly v. Cole*, 2017 WI App 85, 379 Wis. 2d 368, 906 N.W.2d 184, a case that had nothing to do with insurance coverage and merely recounted the general elements of a promissory estoppel claim, *id.* at ¶ 35, the only Wisconsin authority the Butlers refer to is a case named "*Worthington.*" But the Butlers do not provide a citation to *Worthington.* Instead, all they say is this: "The Ninth Circuit disagreed but laid out the law of estoppel as set forth in *Worthington* (Wisconsin) and *Young* (Illinois), and noted, 'In the insurance context, most cases turn on the last element [i.e., detrimental reliance].' *Id.* at 982." (ECF No. 22 at 14.) The "*id.*" refers to *Attorneys Liability Protection Society, Inc. v. Ingaldson Fitzgerald, P.C.*, 838 F.3d 976 (9th Cir. 2016), but there is no citation to a case named "*Worthington*" in that case, nor is there a citation to "*Young*" or *any* case from either Illinois or Wisconsin.

But the court can set all this aside because at oral argument the Butlers clarified their allegations. They are not alleging that the insurance adjustor promised to insure the electronics in the garage. If they were, that would be expanding insurance coverage

7

beyond the policy and not permitted under Wisconsin law. Rather, they are arguing that the insurance adjustor promised to allow the Butlers to retrieve the property once Electric had completed its investigation. That promise was independent of any agreements set forth in the insurance contract. The fact that their relationship originated by virtue of their insurance contract does not mean that their claim is one for insurance coverage. Therefore, the court will deny Electric's motion to dismiss the Butlers' promissory estoppel claim.

**IT IS THEREFORE ORDERED** that Electric Insurance Company's motion to dismiss is **granted in part and denied in part**. It is denied with respect to the Butlers' promissory estoppel claim but granted as to all other claims.

Dated at Milwaukee, Wisconsin this 21st day of August, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge